UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

GERALD E. VALLEJOS,

    Plaintiff,

v.

LOVELACE MEDICAL CENTER, and
the 2nd JUDICIAL DISTRICT COURT,
NEW MEXICO,

    Defendant.

No. 1:17-cv-00183-PJK-WPL

# ORDER GRANTING ATTORNEYS' FEES

THIS MATTER comes on for consideration of Defendant Lovelace's Motion for Attorneys' Fees pursuant to 42 U.S.C. § 1988(b) filed June 7, 2017. ECF No. 26.[1] Upon consideration thereof, the motion is well-taken and should be granted.[2]

## Background

Mr. Vallejos filed a state-court action against Lovelace, his former employer, and various individuals claiming that they retaliated against him for engaging in protected activities in violation of Title VII and the New Mexico Human Rights Act (NMHRA).

---

[1] Unless otherwise indicated, ECF references documents in this case, 1:17-cv-00183-PJK-WPL.

[2] Mr. Vallejos has not responded to the motion for attorneys' fees. This failure to respond constitutes consent that briefing is complete and consent to grant the motion. D.N.M.LR-Civ. 7.1(b).

Vallejos v. Lovelace Med. Ctr., No. CV-2011-01355 (N.M. D. Ct. Feb. 4, 2011). He further alleged that he was subject to defamation and mental and emotional distress because of a hostile work environment, denied due process, and denied favorable personnel actions prior to his termination. Id. Defendants removed the action to federal court. Vallejos v. Lovelace Med. Ctr., No. 1:11-cv-00206-WJ-KBM (D.N.M. Mar. 8, 2011), ECF No. 1. The federal district court then dismissed the individual defendants for failure to exhaust administrative remedies as to the NMHRA claims and because they were not proper defendants under Title VII. Id. (1:11-cv-00206-WJ-KBM) ECF No. 18. Sua sponte, the federal district court dismissed the federal claims against Lovelace for failure to state a plausible claim, but gave Mr. Vallejos leave to amend his claims against the employer. Id. The federal district court later dismissed the amended federal claims under Fed. R. Civ. P. 12(b)(6). Id. (1:11-cv-00206-WJ-KBM) ECF No. 21. The state-law claims were remanded to state district court. Id.

In state district court, Lovelace filed a motion to dismiss which was granted in part, and denied in part. ECF No. 16-1, at 4 (state district court docket sheet). The case proceeded and ultimately, the state district court granted Lovelace's motion for summary judgment and denied Mr. Vallejos's motion for summary judgment as moot. ECF No. 1-1, at 16–17 (state district court order). The case was dismissed with prejudice. Id. This is corroborated by the written transcript of the motion hearing. Id. at 6–7 (state district court transcript). Undeterred, Mr. Vallejos filed a motion to reconsider and the case was reopened. Id. at 18 (motion for relief from order). The state district

judge hearing the motion flatly rejected Mr. Vallejos's claim that he had been awarded summary judgment on his defamation claim. Id. at 20–21 (transcript of hearing on motion for relief from order and order memorializing the ruling).

Mr. Vallejos filed this action alleging that Defendants, acting under color of state law, violated his constitutional rights when he did not obtain a state-court judgment in his favor. He alleged concerted fraudulent activity between two state-court judges and state-court personnel, depriving him of federally protected rights. This court dismissed the complaint against the Second Judicial District Court for lack of subject matter jurisdiction, ECF No. 18, and granted Lovelace's motion to dismiss the case with prejudice for failure to state a claim, ECF No. 20.

## Discussion

Though it is the exception, a prevailing defendant in a civil rights action may recover reasonable attorneys' fees under 42 U.S.C. § 1988(b) if the suit was "vexatious, frivolous, or brought to harass or embarrass the defendant." Hensley v. Eckerhart, 461 U.S. 424, 429 n.2 (1983); see also Mitchell v. City of Moore, 218 F.3d 1190, 1203 (10th Cir. 2000). A defendant's victory does not warrant attorneys' fees, but such fees may be justified when a plaintiff continues to litigate when it should have been apparent that the suit was frivolous, unreasonable or groundless. Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). Subjective bad faith is not required. Id.

This court has already determined that Mr. Vallejos's claims of concerted fraudulent activity between two state-court judges and court personnel are completely

3

speculative.  The gravamen of Mr. Vallejos's federal civil rights complaint, that summary judgment actually was granted in his favor (on his defamation claim) in the state-court proceeding, is completely contradicted by the record.  A different state-court judge told Mr. Vallejos this in denying his motion for reconsideration.  Thus, it was not reasonable for Mr. Vallejos to file this action given the lack of a factual basis.

Of course, attorneys' fees must be reasonable, starting first with a reasonable number of hours expended times a reasonable hourly rate.  Hensley, 461 U.S. at 424.  Lovelace has requested the following:

| Attorney | Hours | Rate | |
|---|---|---|---|
| Amelia Willis | 10.9 | $357.00 | $3,981.30 |
| Natalie Turner | .5 | $348.50 | $   174.25 |
| Harry Rowland | 1.3 | $263.50 | $   342.55 |
| Total | | | $4,498.10 |

Counsel has exercised billing judgment, for example, by reducing the number of hours claimed by strategies not pursued.  ECF No. 26 at 7.  The billing rates reflect the amount charged the client (Lovelace), and even though they may be higher than those charged by other employment law defense lawyers, the court finds that they are reasonable.  Counsel is familiar with the variety of claims Mr. Vallejos has pursued against Lovelace in several forums.  Though the issues in this case are straightforward, the procedural journey is not.

NOW, THEREFORE, IT IS ORDERED that Defendant Lovelace's Motion for Attorneys' Fees filed June 7, 2017 (ECF No. 26) is granted and a judgment shall enter awarding Lovelace $4,498.10 in attorneys' fees to be paid by Mr. Vallejos.

DATED this <u>27th</u> day of June 2017, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation